DLM

IN THE UNITED STATES DISTRICT COURT
FOR THE PROVIDENCE OF RHODE ISLAND

THE STATE OF RHODE ISLAND,
Plaintiff,

-vs-

Case No. CR 06-40T

DAVID BRYANT WICKS,
Defendant.

NOTICE OF REMOVAL

PLEASE TAKE NOTICE, the Defendant, DAVID BRYANT WICKS, known herein and after as "Defendant," is attempting to remove the criminal action filed in the Superior Court for the County of Kent, Rhode Island; case number K2-2004-0631-A. Defendant is removing the criminal case pursuant to Title 28 of the United States Code, Section § § 1441(a) & 1442(a)(3). Defendant aver the following grounds for Removal:

1. Defendant is presently remanded to the custody of the Kent County Sheriff's Department, Lieutenant Jason Allaire, pursuant to a warrant of the Governor of the State of Rhode Island for the criminal charge(s) of Counterfeiting and forgery of an alleged traveler's check, both of which demand federal question as to Interstate Commerce;

2. and that Defendant is employed as a United States Merchant Seaman, of which during time of war is headed as the Department of Defense and/or the Department of Transportation; who was acting in his official capacity during the time-frame when the alleged commission of the offense occurred.

3. Defendant is further requesting Removal due to the fact that the State of Rhode Island has violated the Interstate Agreement On Detainers Act. Specifically, Defendant was in custody in the State of West Virginia and in the State of Virginia when the Request for Final Disposition was made by both States' officials in both states by which the time span of 180 days had passed whereas, Rhode Island State officials either failed or refused to accept temporary custody of Defendant thereby waiving any present or future right to obtain defendant through the Interstate Agreement on Detainers or the Uniform Extradition Act.

4. Pursuant to Article Five, Section (c) of the Interstate Agreement on Detainers Act, by which the states of Virginia, West Virginia, and Rhode Island are parties thereto, the defendant was a sentenced prisoner who has previously entered a term of imprisonment on or about September 12, 2004 and at said date the State of Rhode Island was contacted via N.C.I.C. teletype as to Defendant's whereabouts. The Rhode Island Officials informed Virginia and West Virginia officials of the nature of the warrant pending against defendant that was restricting his programs, rehabilatition, and custody at the time. Rhode Island officials had refused to remove the detainer, (a warrant lodged against the defendant constitutes as an arrest), but after 180 days had passed the state of Rhode Island either failed or refused to take custody of defendant when his sentence had expired in both West Virginia and Virginia. Therefore, pursuant to the Act, an order dismissing the Indictment, Complaint, or Information is mandatory.

5. This is a federal question that requires a federal fourm. Defendant is presently awaiting transport to Rhode Island and is contesting said extradition.

**WHEREFORE,** defendant respectfully requests an Order of the Court transferring the criminal case from the Kent County Superior Court, which defendant can, and has proven, that he was in state custody at the time and date he was required to appear, thereby requiring that the warrant for failure to appear be dismissed, and that he is employed by the United States Merchant Marines, Atlantic Richfield Company as a Merchant Seaman by which the criminal charges of which are alleged to have been committed by the defendant be filed in the Federal Court opposed to state Court.

Dated this 15 day of March, 2006.

Respectfully Submitted;

________________________
Defendant

CERTIFICATE OF SERVICE

I, David Bryant Wicks, certify that a true copy of the aforegoing was mailed to the Kent County Courthouse, postage prepaid, by United States Postal Service on this 15 day of March, 2006.

________________________
Defendant.