**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| **Plaintiff** | : | |
| v. | : | **C.A. NO. 06-40T** |
| | : | |
| **DAVID BRYANT WICKS,** | : | |
| **Defendant** | : | |
| | : | |
| | : | |

**STATE OF RHODE ISLAND'S OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(A) AND 1442(A)**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, objects to Defendant's Notice of Removal.

Respectfully Submitted,
**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 30th day of March, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to David Wicks, at his last known address of M.C.C.F., 60 Eagleville Road, Morristown, PA 19403.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND<br>Plaintiff<br>v. | : | C.A. NO. 06-40T |
| DAVID BRYANT WICKS,<br>Defendant | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(A) AND 1442(A)**

In November 2004, the State of Rhode Island charged Defendant by Criminal Information Number K2-2004-0631A with forgery and counterfeiting (R.I.G.L. § 11-17-1) and obtaining money under false pretenses (R.I.G.L. § 11-41-4), in connection with the State's allegation that Defendant, on July 25, 2004, had passed a "bad" $1,000 check at the Warwick (Post Road), Rhode Island WalMart. (*Please see* the attached *Criminal Docket Sheet Report* and *Criminal Information K2-2004-0631A.*) He was subsequently arraigned, in abstentia, on December 3, 2004, and (to the best of the undersigned's knowledge and belief) is currently in the process of being extradited, from Pennsylvania, to Rhode Island to face the charges contained in Information Number K2-2004-0631A. Instantly, he seeks to remove the State of Rhode Island's criminal prosecution of him to this Court, "pursuant to Title 28 of the United States Code, Section §§ 1441(a) & 1442(a)(3)" (Defendant's *Notice of Removal* at 1), for the reason that "Defendant is employed as a United States Merchant Seaman *** who was acting in his official capacity during the time-frame when the alleged commission of the offense occurred" (*id.* at 1).[1]

[1] Defendant seeks removal as well because of his allegation(s) "that the State of Rhode Island has violated the Interstate Agreement on Detainers Act" (*Notice of Removal* at 2), but the federal statutes referenced by Defendant do not independently authorize removal to federal

But even crediting Defendant's mere unsubstantiated assertion that he was a United States Merchant Seaman in November of 2004, and even granting that a "Merchant Seaman" is an "officer of the United States" within the meaning of 28 U.S.C. § 1442(a)(1)[2], because it cannot be credibly argued that Defendant, when he allegedly passed the bad $1,000 check to a WalMart clerk on July 25, 2004, was doing so "*under color*" of his employment as an "officer of the

---

court for such a claimed Interstate Agreement on Detainers violation, which such claimed violation may in any event be fully litigated by the Rhode Island State Courts. (*See e.g.* State v. Werner, 831 A.2d 183, 191-95 (R.I. 2003)(determining defendant's appeal of an interstate agreement on detainers' issue).) The State would further note with respect to Defendant's Interstate Agreement on Detainers' contention, that the State takes issue with any suggestion that there was a violation of the Interstate Agreement on Detainers' Act.

[2] § 1442(a), in relevant part, provides that:

> "A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. ***
>
> (3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties[.]"

(§ 1442(a).)

While Defendant references Subsection (3) of this provision (*Notice of Removal* at 1), since any employment as a United States merchant seaman would not seem to qualify as "[a]n[] officer of *the courts* of the United States" (§ 1442(a)(3)(emphasis added)), the State presumes that Defendant's intended reference is, rather, to subsection (a)(1).

United States" (§ 1442(a)(1)(emphasis added)),[3] Removal would appear to be plainly not authorized under § 1442.[4]

For this reason, the State respectfully objects to Defendant's *Notice of Removal.*

[3] *See e.g.* Mesa v. State of California, 489 U.S. 121, 109 S.Ct. 959 (1989)("under color of office" provision of § 1442 means that Defendant's act was essentially ordered or demanded by the federal authority); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3727 at p. 138 (1998 edition)("'color of office' requirement anticipates that the defendant will present a federal defense on his or her behalf. Since the defendant's federal employment presumably demanded the performance of the act in controversy, he or she is entitled to a forum sympathetic to and understanding of the governmental working relationship in question. If, on the other hand, the defendant committed the challenged conduct of his or her own will merely in conjunction with the performance of a general duty required by a federal employer, the defendant will have no federal defense and thus no right to a federal forum by way of removal."); Wayne LaFave, Jerold Israel, & Nancy King, 4 Criminal Procedure, § 13.5(d), p. 77 (1999)(quoting Mesa for proposition that the "'color of office' requirement means 'that federal officer removal must be predicated on the allegation of a colorable federal defense,' and thus removal is unavailable where federal employees are charged 'with traffic violations and other crimes for which they would have no federal defense in immunity or otherwise.'")

[4] Nor, though Defendant cites to it as well, is removal authorized by § 1441, which speaks to civil (and not criminal) State actions. (*See* Reichle v. Hall, 2004 WL 1494776, * 1 (D.Conn. 2004)("Section 1441 applies to civil actions only; sections 1442 and 1442a apply only to criminal prosecutions involving federal officials, of which petitioner is not one").)

Respectfully Submitted,
**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street,
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 30th day of March, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to David Wicks, at his last known address of M.C.C.F., 60 Eagleville Road, Morristown, PA 19403.

# Criminal Docket Sheet Report



**Case ID:** K2-2004-0631A **Description:** DAVID WICKS
**Filing Date:** 18-NOV-2004
**Original Case ID:**

**Defendant Name:** DAVID WICKS **Police Dept:** WARWICK POLICE DEPARTMENT
**BCI#:** @10097559 **Date of Birth:** 09-JUL-1959 **Incarcerated:**

**Address:** 2075 INDEPENDANCE STREET

PHILADELPHIA PA 19138

## Charge Information

**Count:** 1 11-17-1 **FORGERY & COUNTERFEITING**
**Offense Date:** 25-JUL-2004
**Charge Text:**
**Disposition:**

**Count:** 2 11-41-4/F **OMUFP >$500/FELONY**
**Offense Date:** 25-JUL-2004
**Charge Text:**
**Disposition:**

## Warrant Information

| Date | Warrant ID | Status | Judge |
|---|---|---|---|
| 03-DEC-2004 | SC029212 | **WARRANT ISSUED** | JUDGE THUNBERG |

## No Contact Orders

## Bail Information

### Bail Posted

| Bail | Payor | Amount |
|---|---|---|

### Bail Posted in District Court

| Bail | Payor | Amount |
|---|---|---|

## Scheduled Dates

| Date | Event | Locn | Judge |
|---|---|---|---|

## Events

| Date | Event | Judge |
|---|---|---|
| 03-DEC-2004 | **ARRAIGNMENT**<br>DEFT DOES NOT APPEAR | THUNBERG, JUDGE |

## Case Jackets

| Check Out | Returned | Person Name | Text |
|---|---|---|---|

# Criminal Docket Sheet Report



## Case Evidence

| Check Out | Returned | Person Name | Text |
|---|---|---|---|
| ____ | ____ | | |

## Docket Entry Information

| Date | Description | Docket Text |
|---|---|---|
| 30-NOV-2004 | INFORMATION FILED | |
| | **Affiliated Party:** STATE OF RHODE ISLAND | |
| 03-DEC-2004 | WARRANT ISSUED | |
| 03-DEC-2004 | DEFT DOES NOT APPEAR | |
| 03-DEC-2004 | DATE VACATED BY JUDGE | |
| 03-DEC-2004 | DATE VACATED BY JUDGE | |
| 20-DEC-2005 | OTHER DOCUMENT | |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

STATE OF RHODE ISLAND

vs.

DAVID WICKS,
alias John Doe

KENT, SC.

CRIMINAL INFORMATION NO:
K2-2004- 06314

**CRIMINAL INFORMATION**

The Attorney General of the State of Rhode Island charges:

That DAVID WICKS, alias John Doe, of the Commonwealth of Pennsylvania, on or about on the 25th day of July, 2004, at Warwick, in the County of Kent, did utter and publish as true a false, forged, altered and counterfeited negotiable instrument, to wit, a travelers check in the amount of $1000.00, payable through Wells Fargo Bank, knowing the same to be false, forged, altered, and counterfeited, with intent to defraud Walmart, in violation of §11-17-1 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 2002).

**Count 2**

That DAVID WICKS, alias John Doe, of the Commonwealth of Pennsylvania, on or about on the 25th day of July, 2004, at Warwick, in the County of Kent, did obtain goods and money, being of a value of over Five Hundred Dollars ($500.00) from Walmart, designedly by false pretenses, with intent to cheat or defraud said Walmart, in violation of §11-41-4 and §11-41-5 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 2002).

Against the form of the statute in such case made and provided and against the peace and dignity of the State.

BARRY N. CAPALBO
Assistant Attorney General
Designated by the Attorney General

# [illegible] of Rhode [illegible] and Providence Plantations

**_In the Name and by the Authority of the State of Rhode Island_**

***I Donald L. Carcieri***

***Governor of the State of Rhode Island and Providence Plantations***

## *To all who shall see these Presents, Greetings:*

***Know Ye,*** *That reposing special trust and confidence in the integrity, diligence and ability of Lieutenant Jason Allaire and/or his designated agents of the RI Sheriff's Department, I do hereby appoint him Agent on the part of this State, to proceed to the Commonwealth of Pennsylvania for the purpose of demanding and receiving from the proper authorities of said Commonwealth, David Wicks, dob 7-9-59 a/k/a David Bryant Wicks a/k/a Darnell Bryant a/k/a Darrell Brynat a/k/a David Jones a/k/a David C. Jones a/k/a Darrell Bryant a/k/a Anthony Davidson a/k/a Bryant David Jones a/k/a Samuel Mays, Jr., a/k/a David Whicks a/k/a David Wickees, a/k/a David Brian Wickes, Jr., a/k/a Bryant Wicks, a/k/a David B. Wicks, a/k/a David Bryan Wicks, a/k/a David Bryant Wicks, Jr., a/k/a David Wilkes, a/k/a David Brian Wilkes, a/k/a David Bryant Wisks, Jr, a/k/a David Bryant Wick, a/k/a David Brian Wickies, a/k/a David Brian Wicks, a/k/a David Wicky, a/k/a David B. Wilkes, a/k/a David Bryant Wilys, a/k/a 7/6/60, 7/9/54, 7/9/58, 7/9/60, 7/9/62, 7/15/60, 7/19/59, 7/27/62 and 10/9/69, a Fugitive from Justice from the State of Rhode Island charged with the crime(s) of did utter and publish as true a false, forged, altered and counterfeited negotiable instrument, to wit, a travelers check in the amount of $1,000.00, payable through Wells Fargo Bank, knowing the same to be false, forged, altered and counterfeited, with intent to defraud Walmart, and did*

Case 1:06-cr-00040-T-DLM Document 1-2 Filed 03/21/2006 Page 2 of 2

[illegible] and/or his [illegible] agents of the Rhode Island State Sheriff's [illegible] to demand and receive the said Fugitive, and bring him to this State, [illegible] deliver him to the custody of the Sheriff of the County of Kent.

*In Witness Whereof,* I have caused the Seal of the State to be hereunto affixed, this 10th day of February in the year of our Lord two thousand and six.

**By His Excellency the Governor:**

______________________________

______________________________
**Secretary of State**