IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND,
Plaintiff,

-vs- Docket No.# CR 06 40T

DAVID BRYANT WICKS,
Defendant.

**DEFENDANT MOTION FOR LEAVE TO AMEND PREVIOUS NOTICE OF REMOVAL DUE TO CLERICAL MISTAKES & OVERSIGHT,**

**COMES NOW,** the defendant, **DAVID BRYANT WICKS**, pro-se, and moves this Honorable Court for leave to "Amend" his previous "Notice of Removal" that was filed with this Court attempting to "remove" a criminal action that is in the Kent County, Rhode Island Superior Court. Defendant, further moves this Honorable Court in Good-faith, and in the interest of justice.

**GROUNDS FOR AMENDMENT OF COMPLAINT**

1. Previously, defendant moved this Court to remove his criminal action that is presently pending in Kent County Superior Court pursuant to Title 28 of the United States Code, Sections §§ 1441 & 1442 respectively.

2. As pointed out by the Attorney General of the State of Rhode Island, Defendant mistakenly cited the wrong federal statutes for removal. Along with begging that the court make allowances that defendant is in fact proceeding "Pro-Se," and is not as experienced as the Rhode Island Attorney General, defendant is also not a seasoned attorney whereas, he is requesting that the Attorney General as well as the Court forgives him for any clerical mistakes or oversights.

3. Defendant ~~knew~~ now wishes to "amend" his previous "Notice" from §1441 & §1442 to actually read: "Pursuant to Title 28 of the United States Code(s): §1446(a), & §1447 (a).

4. Defendant further wish to "amend" his complaint to stipulate that the Defendant is [not] presently serving a sentence is another jurisdiction, he is a pretrial detainee awaiting adjudication on a misdemeanor charge dating back from December 2002, that was outstanding.

5. Defendant further wish to state that the Interstate Agreement on Deatiners Act was indeed, and still is being, violated by the State of Rhode Island simply because the (IAD) mandates that an order should [have] been issued by the Kent County Superior Court to dismiss the criminal complaint with prejudice after 180 days had transpired and Rhode Island state officials had [not] transported or otherwise taken temporary custody of the defendant from West Virginia or Virginia state officials while defendant was sentenced and serving out his state sentence(s).

6. In fact, the State of Rhode Island has lost jurisdiction to even try the case in Kent County Superior Court as the Rhode Island Asst. Attorney General had previously suggested in his "Answer" to defendant's Notice of Removal. Specifically, the Assistant Attorney General stated that the defendant may fully litigate the IAD issue in "State" Court when in fact the Assistant Attorney General has stated in Defendant's Petition for writ of habeas corpus in a "STATE" Court, the Rhode Island Supreme Court that defendant's argument does not have merit. Since the IAD is a federal act, defendant may legally argue said act in federal court being so that he is and was an employee of the United States and is being prosecuted in a state court.

## CONCLUSION

7. Defendant concludes that the IAD has and "is" being violated. To allow the defendant to be transported to the State of Rhode Island would render defendant's argument "moot," and would allow a victory for the State.

THEREFORE, the defendant respectfully requests an Order of the Court granting leave to amend, and that the court, upon its own motion, or otherwise by federal statute, make [any] appropriate orders or injunctions that this Court deems just and proper.

Dated this 30 day of March, 2006.

Defendant

## CERTIFICATE OF SERVICE

I, David B. Wicks, certify that a true copy of the foregoing was mailed to the Office of the Rhode Island Attorney General, postage prepaid, on this 30 day of March, 2006.

Respectfully
Submitted,

Defendant.